UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 15-10131-NMG |
| | ) | |
| IFTIKAR ALI AHMED, | ) | |
| a/k/a "Ifty," | ) | |
| Defendant. | ) | |

## UNITED STATES' MOTION FOR
## DECLARATION OF BOND FORFEITURE

The United States of America, by and through its attorneys, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully requests that the Court declare forfeiture of the Defendant Iftikar Ahmed's Secured Appearance Bond, pursuant to 18 U.S.C. § 3146(d) and Rule 46(f)(1) of the Federal Rules of Criminal Procedure.[1]  The Secured Appearance Bond was posted to ensure the Defendant's compliance with the conditions of release ordered in this case. For the past several years, the Defendant has not complied with those conditions, but has been a fugitive.

In support of this motion, the United States sets forth the following:

1.      On April 1, 2015, the United States filed a Criminal Complaint against Iftikar Ahmed (the "Defendant"), and another for violations of 15 U.S.C. §§ 78j(b) and 78ff; and 17 C.F.R. Section 240.10b-5.  *United States v. Ahmed*, Criminal No. 1:15-cr-10131-NMG (D. Mass. April 1, 2015) (Dkt. #2).

---

[1] After the Court declares the bond forfeited, the United States intends to move for entry of default judgment, pursuant to Fed. R. Crim. P. 46(f)(3), so that the United States can execute on that judgment and obtain the property securing the appearance bond.

2.      On April 2, 2015, at the Defendant's initial appearance, the United States District

Court for the District of Connecticut entered an Order Setting Conditions of Release for the

Defendant.  *See United States v. Ahmed*, Criminal No. 3:15-mj-00052-WIG (D. Conn. Apr. 2,

2015) (Dkt #8) (the "Initial Release Order").  Among the conditions in the Initial Release Order

were that the Defendant (1) must advise the court or the pretrial services office or supervising

officer in writing before making any change of residence or telephone number; (2) must appear

in court as required; (3) must sign an appearance bond; and (3) must submit to supervision by

and report for the supervision to the probation officer.  *See* Conditions 3, 4, 5, and 7(a).  A copy

of the Initial Release Order is attached hereto at <u>Exhibit</u> <u>A</u>

3.      The Court's Initial Release Order also required the Defendant to sign an

appearance bond in the amount of $9,000,000 to be cosigned by Defendant's wife and to be

secured by equity in Defendant's residence, 505 North Street, Greenwich, Connecticut.  *See*

Conditions 5.  The Defendant signed the Initial Release Order under the heading

"Acknowledgment of the Defendant," and expressly acknowledged the following: "I

acknowledge that I am the defendant in this case and that I am aware of the conditions of release.

I promise to obey all conditions of release, to appear as directed, and surrender to serve any

sentence imposed.  I am aware of the penalties and sanctions set forth above."  *Id*. at p. 3.

4.      On the same day, the Defendant and his wife executed the Secured Appearance

Bond, which states in relevant part the following: "I, Iftikar Ahmed, agree to follow every order

of this court, or any court that considers this case, and I further agree that this bond may be

forfeited if I fail: 1) to appear for court proceedings; 2) if convicted, to surrender to serve a

sentence that the court may impose; or 3) to comply with all conditions set forth in the Order

Setting Conditions of Release." *Id*. at Dkt. #10.  A copy of the Secured Appearance Bond is attached hereto at Exhibit B.

5.     Also on the same day, the United States District Court in Connecticut entered an order requiring the Defendant to appear in the District of Massachusetts to answer charges pending in that district.  *Id*. at Dkt. #7.  Additionally, the Order transferred the bail posted in the District of Connecticut to the District of Massachusetts.

6.     On April 21, 2015, this Court held an initial appearance, at which the Defendant appeared.  The Court continued the same general conditions of release as were ordered by the United States District Court in Connecticut, but limited the Defendant's travel to Connecticut, where he lived; to Massachusetts, for court appearances; and to New York, to meet with counsel (the "Bail Order").  *See United States v. Ahmed, et al*, Criminal No. 1:15-mj-2062 (D. Mass. April 21, 2015) (Dkt. #19).  A copy of this Bail Order is attached hereto at Exhibit C.

7.     On April 23, 2015, the Defendant and his wife signed an Escrow Agreement whereby they executed a warranty deed on the parcel of real property located at 505 North Street, Greenwich, Connecticut as a "personal bond in the amount of $9,000,000 to secure the Defendant's compliance with the terms and conditions of the Bail Order."  *United States v. Ahmed*, Criminal No. 1:15-cr-10131-NMG (D. Mass. April 28, 2015) (Dkt. #20).  As sureties, Ahmed and his wife agreed, among other things, to "take any action necessary to transfer said parcel of real property and facilitate the sale of such property in the event that the Defendant is in default of the terms and conditions of the Bail Order or Personal Bond."  *Id.* at p.1.  A copy of the Escrow Agreement is attached hereto at Exhibit D.

8.     At some point after signing the Escrow Agreement, the Defendant fled.  The government has reason to believe the Defendant is in India and an extradition request is pending.

3

As a result, the Defendant has violated the conditions of his release by (1) not advising the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number; (2) by not appearing in court as required; and (3) by not submitting to or reporting to the probation officer for supervision.  He has also traveled outside of Connecticut, Massachusetts and New York in violation of the Bail Order.

9.     The Defendant's status as a fugitive is noted on the cover sheet for the criminal indictment filed on May 28, 2015.  *See* Dkt. #27-1 at 4 ("This defendant is currently a fugitive."); *see also SEC v. Ahmed*, Civil No. 3:15-cv-675-JBA (D. Conn. May 21, 2015) (Dkt. #23 at 1) ("[T]he Commission has recently learned that Defendant has fled the United States in violation of the terms of his conditions of release.").  On June 6, 2015, Defendant's counsel in this matter filed a motion to withdraw as counsel, *see* Dkt. #31.  As reasons therefore, counsel stated that they were unable to contact or communicate with the Defendant and that the Defendant "appears to have become a fugitive."  *Id.*

10.     Since the time that the Defendant fled, he has not been in communications with pretrial services, as required under the Bail Order, or submitted the supervision of, or reported to, the probation officer.  He has failed to appear at any of the numerous court hearings in this case. Indeed, before his co-defendant went to trial in the Fall of 2016, the Court raised the Defendant's missing status in advance.  *See* Dkt. #177 ("The Court is in a quandary as to how to handle the missing second defendant (Ahmed). If he is to remain as a named defendant in this case, the jury panel needs to be informed of the reason for his absence from the outset.").  Ultimately, the government and the remaining defendant agreed not to inform the jury of Ahmed's "fugitive status" at the co-defendant's trial.  *See* Dkt. #179.

11.     In sum, the Defendant is a fugitive and his refusal to return to Massachusetts has prevented the United States from prosecuting him.  *See* Fed.R.Crim.P. 43(a); *see, e.g., Appleyard v. Massachusetts*, 203 U.S. 222, 227 (1906) ("A person charged by indictment … with the commission within a state of a crime covered by its laws, and who, after the date of the commission of such crime, leaves the state,-no matter for what purpose or with what motive, nor under what belief,-becomes, from the time of such leaving, and within the meaning of the Constitution and the laws of the United States, a fugitive from justice…").

12.     As set forth in 18 U.S.C. § 3146(d), "[i]f a person fails to appear before a court as required, and the person executed an appearance bond pursuant to section 3142(b) of this title or is subject to the release condition set forth in clause (xi) or (xii) of section 3142(c)(1)(B) of this title, the judicial officer may … declare any property designated pursuant to that section to be forfeited to the United States."  *See also* Fed. R. Crim. P. 46(f)(1) ("The court must declare the bail forfeited if a condition of the bond is breached.").  Accordingly, the Court should declare that the Defendant has forfeited his Secured Appearance Bond.  A proposed order is attached to this motion at Exhibit E.

13.     Upon the Court's declaration of forfeiture, the United States will provide notice the Defendant's wife, to the extent she can be located, and to the district clerk, as an agent for the surety pursuant to Fed. R. Crim. P. 46(f)(3)(B).[2]

---

[2] "[T]he government does not have to prove actual notice to the defendant since in many cases, such as the present where the defendant remains a fugitive, it would place an extremely difficult burden on the government."  *United States v. Lujan*, 589 F.2d 436, 438 (9th Cir. 1978).

WHEREFORE, the United States requests that the Court declare a forfeiture of the said

Secured Appearance Bond in accordance with 18 U.S.C. § 3146(d) and Rule 46(f)(1) of the

Federal Rules of Criminal Procedure.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    */s/ Carol E. Head*                 
JORDI DE LLANO
CAROL E. HEAD, B.B.O. # 652170
Assistant United States Attorney
U.S. Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Dated: May 24, 2019                carol.head@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that the United States' Motion for Declaration of Bond Forfeiture was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Carol E. Head*           
CAROL E. HEAD
Dated: May 24, 2019          Assistant U.S. Attorney