United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America, ) | |
| ) | |
| v. ) | |
| ) | Criminal Action No. |
| Iftikar Ahmed, ) | 15-10131-NMG |
| ) | |
| Defendant. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This motion for bond forfeiture arises from the failure of defendant Iftikar Ahmed ("Mr. Ahmed" or "defendant") to comply with the conditions of his release on bail after he was charged with violations of federal securities laws.  Before the Court is the government's motion for bond forfeiture and a motion to intervene filed by Shalini Ahmed ("Mrs. Ahmed"), the defendant's wife.  For the reasons that follow, the government's motion for bond forfeiture will be allowed and the motion of Mrs. Ahmed to intervene will be denied.

I.  **Background**

On April 1, 2015, the government filed a criminal complaint against Mr. Ahmed for violations of federal securities laws.  At his initial appearance in the United States District Court for the District of Connecticut, that court entered a release order which mandated that he appear in court as required, advise the

- 1 -

court of any change of residence, submit to supervision by a probation officer and sign a secured appearance bond of $9,000,000. Defendant and his wife, Mrs. Ahmed, co-signed the appearance bond which was secured by equity in their Greenwich, Connecticut residence. The bond stated that if Mr. Ahmed failed to appear for court proceedings or to comply with orders of the court, it would be forfeited.

After his initial appearance, the District Court in Connecticut entered an order requiring Mr. Ahmed to answer charges pending in Massachusetts and transferred his posted bail to this District. On April 21, 2015, this Court held an initial appearance hearing at which it entered a bail order adopting similar conditions of release as were issued in the District of Connecticut but further limiting Mr. Ahmed's travel to Connecticut, Massachusetts and New York. On April 23, 2015, defendant and his wife signed an Escrow Agreement and executed a warranty deed on their Greenwich residence to secure the defendant's compliance with the terms and conditions of this Court's bail order.

At some time in May, 2015, the defendant absconded, apparently to India. The government now seeks to have this Court declare that Mr. Ahmed's secured appearance bond is forfeited because he is a fugitive.

**II. <u>Motion to Intervene</u>**

Mrs. Ahmed seeks to intervene in this proceeding pursuant to Federal Rule of Civil Procedure 24 in order to oppose the government's motion for bond forfeiture. She claims that as a co-signer of the appearance bond she is an interested party under that Rule.

While Fed. R. Civ. P. 24 allows interested parties to intervene in civil matters, it does not apply to criminal cases. The Federal Rules of Criminal Procedure contain no provisions applicable to intervention, although courts have permitted intervention in limited circumstances when "appropriate to assert the public's First Amendment right of access." <u>United States</u> v. <u>Aref</u>, 533 F.3d 72, 81 (2d Cir. 2008).

Mrs. Ahmed argues that the government's motion for bond forfeiture should be treated as a civil proceeding and that this Court should therefore allow her to intervene under Rule 24. In support of her argument, Ms. Ahmed cites caselaw from other circuits which suggests that, under some circumstances, an appeal of an order for enforcement of bond forfeiture has been treated as a civil proceeding for the purposes of determining whether the appeal was timely. Here, the government is seeking a declaration of forfeiture, not an order to enforce, and timeliness is irrelevant. Mrs. Ahmed has offered no applicable support for her contention that the instant motion should be

dealt with under the rules of civil procedure. Because this is a criminal matter, Ms. Ahmed has no right to intervene under Fed. R. Civ. P. 24 and therefore her motion will be denied.

### III. **Motion for Bond Forfeiture**

A defendant who executes an appearance bond and subsequently fails to appear in compliance with that bond is subject to forfeiture of the subject security pursuant to 18 U.S.C. § 3146(d) and Federal Rule of Criminal Procedure 46(f)(1). The statute governing penalty for failure to appear states in relevant part

> [i]f a person fails to appear before a court as required, and the person executed an appearance bond...the judicial officer may ...declare any property ...to be forfeited to the United States.

18 U.S.C. § 3146(d). Under Fed. R. Crim. P. 46(f)(1) a court "must declare the bail forfeited if a condition of the bond is breached."

Mr. Ahmed has deliberately flouted his bail conditions. He has failed to appear in court, has not reported to a probation officer and is a fugitive. His refusal to return to Massachusetts has prevented the government from prosecuting him. Therefore, this Court will allow the government's motion and declare the bail forfeited.

Once the bond is declared forfeited, Mrs. Ahmed, as a co-surety, has the right to move to have the forfeiture set aside

pursuant to Fed. R. Crim. P. 46(f)(2) if the surety later surrenders her husband into custody or if it is found that justice does not require bail forfeiture.

**ORDER**

For the foregoing reasons, the government's Motion for Declaration of Bond Forfeiture (Docket No. 293) is **ALLOWED** and defendant's motion to intervene (Docket No. 295) is **DENIED without prejudice.**

**So ordered.**

<pre>
                                /s/ Nathaniel M. Gorton
                                Nathaniel M. Gorton
                                United States District Judge
Dated November 7, 2019
</pre>