UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

IFTIKAR AHMED

Defendant,

Criminal No. 15-10131-NMG

November 18th, 2019

## DEFENDANT'S MOTION FOR RECONSIDERATION OF DECLARATION OF BOND FORFEITURE

The *pro se* Defendant Iftikar Ahmed respectfully moves this Court for a reconsideration of the Declaration of Bond Forfeiture.[1] The Defendant reserves all rights.

## BACKGROUND

The *pro se* Defendant provides the following summary for the Court's benefit:

1. On May 24, 2019, the Government moved for a Declaration of Bond Forfeiture.

2. On November 7, 2019, the Court granted the Declaration of Bond Forfeiture. [Doc. #307].

## ARGUMENTS

The Court has granted the Government's motion for Declaration of Bond Forfeiture

---

[1] By submitting this Motion, the Defendant does not waive his rights to request a set aside or vacate of the declaration of bond forfeiture when the process is at that point. The Defendant reserves all rights.

[Doc. #307]. The Defendant moves the Court for a reconsideration[2] of the Order allowing the Declaration of Bond Forfeiture. There is good reason for the Court to grant this Motion.

### I. The Defendant was Never Notified about the Motion for Declaration of Bond Forfeiture.

The Defendant was never notified by the Government that they were moving the Court to declare the bond forfeited. The Defendant did not receive any notice *via* mail or *via* email. The Government has the Defendant's and his local Indian counsel's email addresses and has also corresponded with Defendant and his local Indian counsel *via* email over the past four years in an effort to address various matters. As such, the Defendant was deprived of his right to oppose the Government's motion. It was procedurally deficient and, therefore, the Defendant must be allowed the opportunity to oppose the Government's motion so that the Court can hear all the facts.

In addition, as per the Defendant's understanding, there is usually a hearing prior to the declaration of a bond forfeiture and the Court did not hold such a hearing on such issue prior to declaring the bond forfeited. Thus, the entire process was a violation of due process and must be reconsidered.

### II. The Court has not made a finding that the Defendant is a fugitive.

The Court's Order states that Defendant is a "fugitive." [Doc. #307 at 2]. However, no court has made that determination or finding and there has been no hearing on this subject,

---

[2] Even though the Federal Rules of Criminal Procedure do not expressly provide for a Reconsideration, the Supreme Court has held that such is available. "*United States v. Healy*, 376 U.S. 75 (1964), held that motions to reconsider (in district courts) and petitions for rehearing (in courts of appeals) are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure." *United States v. Rollins*, No. 09-2293 (7th Cir. June 9, 2010)

2

including in this Court.

The Defendant is simply _not_ a fugitive and the Defendant is _not_ in hiding. The Defendant has been in constant touch with the Government over the past four years and Defendant has filed multiple motions with the CT Court[3], where the entirety of his assets is frozen, for a release of funds to address his pending matters, including the instant one. However, the CT Court has denied his motions for a release of funds each time.[4] As such, there must be a hearing on the matter prior to a labelling the Defendant as a "fugitive" because he is not. The law and the facts plainly do not support such an erroneous conclusion that the Defendant is a "fugitive."

### III.  The Court has not made a finding that the Defendant has "refus[ed] to return to Massachusetts."

The Court's Order states that the Defendant's "refusal to return to Massachusetts has prevented the government from prosecuting him." [Doc. #307 at 2]. However, the Defendant has been in touch with the Government over the past four plus years in an attempt to resolve his pending matters so that he could return to the United States and indeed to Massachusetts. Again, this Court has not and cannot made a determination that the Defendant refuses to return to Massachusetts; rather, the Defendant has a pending criminal matter in India and cannot return to the United States, pending the resolution on that matter in India

The Government is fully and well-aware of these facts. It is just not true that the Defendant has refused to return to Massachusetts or the United States of America for that matter.

---

[3] _SEC v. Iftikar Ahmed, et al_, Case 3:15-cv-00675-JBA ("CT Case")

[4] The Defendant has filed another motion for a release of funds to retain counsel to address the current matter and has a motion pending in the CT Court for a release of funds to be able to address his appeal in the Second Circuit.

3

The truth simply is that he is unable to do so as he is detained by the Indian authorities, has a pending matter in India and he has no travel papers in his possession.

### IV. The Defendant has been in touch with the Government.

The Court's Order states that the Defendant "has not reported to a probation officer." [Doc. #307 at 2]. The Defendant has been in touch with the Government directly and was unaware that he should have been in touch with a probation officer and no one ever contacted him about any such requirement. At no point in time did anyone, including the Government, advise the Defendant that he should be in touch with pretrial services. The Defendant was in custody when he was arrested in India and does not have the contact details of any probation officer. The Defendant maintains that being in touch with the Government should suffice, but he is not an attorney and he would submit to being in touch with a probation officer through his local counsel should the Court order as such.

### V. The Defendant's criminal case is stayed, pending resolution of his Indian matter.

The Court's Order further states that the Defendant "has failed to appear in Court." [Doc. #307 at 2]. However, the Defendant cannot return to the United States and appear in Court until his Indian criminal matter is resolved. As such, his criminal matter in the United States is stayed[5] pending resolution of his Indian matter as one of the bedrock principles of federal criminal law is the defendant's presence.

In particular, "[a] leading principle that pervades the entire law of criminal procedure is that, after indictment is found, nothing shall be done in the absence of the [defendant]." *United*

---

[5] The Defendant is simply perplexed, because the criminal matter is effectively stayed, as "nothing shall be done in the absence of the [defendant]," yet the bond was declared forfeited.

States v. Canady, 126 F.3d 352, 360 (2d Cir. 1997) (quoting Lewis v. United States, 146 U.S. 370, 372 (1892)).

The Federal Rules of Criminal Procedure codify this principle through RULE 43, which requires that "the defendant must be present at: (1) the initial appearance, the initial arraignment, and the plea; (2) every trial stage, including jury impanelment and the return of the verdict; and (3) sentencing." Fed. R. Crim. P. 43(a).

Until the Defendant's Indian matter is resolved, the Defendant cannot appear in any court in the United States.

## VI. The Defendant has defenses in this matter under 18 U.S.C. § 3146(c)

The Government has sought declaration of default of the bond forfeiture under 18 U.S.C. § 3146.[6] The Defendant has affirmative defenses in this matter under this statute, including and not limited to the fact that the Defendant is confined to the jurisdiction of India and cannot leave the jurisdiction until his Indian matter is resolved. The Court has not considered the Defendant's affirmative defenses under this statute prior to the declaration of bond forfeiture.

## VII. The Defendant has been denied legal representation in this matter.

The Defendant has submitted multiple requests for a release of funds to be able to retain counsel; however, in each instance, the Government has opposed, and the CT Court has denied such requests. The Defendant has a constitutional right to the assistance of legal counsel in his

---

[6] By this statement, the Defendant does not waive his rights that he has defenses under Federal Rules of Criminal Procedure 46 and/or additional defenses under 18 U.S.C. § 3146 or any other statute, etc. He will assert those defenses when he has a chance to present his opposition to the declaration of bond forfeiture, or vacate/set-aside of bond forfeiture or remission of bond forfeiture or at any other bond forfeiture proceeding or hearing, when at that point.

criminal matters and a right to counsel of choice using his untainted assets. *See Luis v. United States,* 578 U.S. ___ (2016), where the Supreme Court held that that Sixth Amendment of the United States Constitution prohibits the pre-trial restraint of assets needed to retain a defendant's counsel of choice when those assets have not been used in conjunction with criminal activity.

There are significant untainted assets that have been frozen in the CT Case, but the CT Court has so far refused to release such funds to the Defendant. The Defendant has submitted yet another motion to the CT Court for a release of funds to retain counsel in this matter.

### VIII. The Government's request for a declaration of bond forfeiture may be time-barred.

The *pro se* Defendant maintains that the government's seeking of a declaration of the bond forfeiture may indeed be time-barred. As per the Defendant's understanding, the Commonwealth laws of Massachusetts has a statute of limitations of two years for any actions for penalties or forfeitures. *See* MASS. GEN. LAWS CH. 260, §5 (2016).

In addition, there may be certain statute of limitations as per the Connecticut laws as well, where the home is located and where the Defendant's spouse and his three minor children reside. Such requires additional legal analysis. As such, the Government's request for a declaration of bond forfeiture may indeed be time-barred and, hence, void.

### IX. The equities and the law weigh in favor of reconsideration of the declaration of bond forfeiture.

Due process is a mainstay of the laws of our country.

Both the Fifth Amendment and the Fourteenth Amendment's Due Process Clause states that no person shall be "deprived of life, liberty, or property without due process of law."

As such, the equities and the law weigh in favor of this Court's reconsideration of the

6

declaration of bond forfeiture and holding a hearing and/or allowing the Defendant to be heard on the various matters presented within and any others which may have an impact on the instant matter.

### X.   Conclusion.

**WHEREFORE**, for the reasons set forth within, the *pro se* Defendant respectfully requests that the Court grant the relief requested and reconsider the declaration of bond forfeiture.

Respectfully Submitted,

Dated:     November 18TH, 2019          /s/ Iftikar Ahmed

Iftikar A. Ahmed
C/O Advocate Anil Sharma
Government Place East
Kolkata 700 069, India

Tel:   +91-983-008-9945
e-mail: iftyahmed@icloud.com

*Pro Se*