UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>IFTIKAR AHMED<br>Defendant, | Criminal No. 15-10131-NMG<br><br>November 18, 2019 |

### PROPOSED INTERVENOR'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO INTERVENE

Ms. Shalini Ahmed ("Proposed Intervenor"), the spouse of Defendant Iftikar Ahmed, and the co-signer of the Bond (as she is the co-owner of the home which secured the Bond) and a *pro se* interested party, respectfully moves this Court for a reconsideration of the denial without prejudice (ECF No. 307) of the Proposed Intervenor's Motion to Intervene (ECF No. 295). This Memorandum of Law supports the Request for Reconsideration of the Proposed Intervenor's Motion to Intervene.[1] The Proposed Intervenor reserves all rights.

### BACKGROUND

The Proposed Intervenor provides the following summary for the Court's benefit:

1. On May 24, 2019, the Government moved for a Declaration of Bond Forfeiture. (ECF No. 293)

2. The Proposed Intervenor opposed such Declaration (ECF No. 298) and also moved to intervene in the matter. (ECF No. 295)

---

[1] By submitting this motion, Ms. Ahmed does not waive her rights to request a set aside or vacate of the declaration of bond forfeiture, or to present any defenses at any bond forfeiture hearing, when the process is at that point. Ms. Ahmed reserves all rights.

3. On November 7, 2019, the Court granted the Declaration of Bond Forfeiture and denied without prejudice, the Proposed Intervenor's Motion to Intervene. (ECF No. 307)

## ARGUMENTS

The Court denied without prejudice the Proposed Intervenor's Motion to Intervene. The Proposed Intervenor requests reconsideration of the denial without prejudice[2] and believes that there is good reason for the Court to grant this Motion.

### I. Ms. Ahmed's Intervention in this Matter.

The Court denied the Proposed Intervenor's Motion to Intervene as "Mrs. Ahmed [sought] to intervene in this proceeding pursuant to Federal Rules of Civil Procedure 24…" and that "…it does not apply to criminal cases." [ECF No. 307 at 3] The Order further states that "[T]he Federal Rules of Criminal Procedure contain no provisions applicable to intervention, although courts have permitted intervention in limited circumstances… to assert the public's First Amendment right of access."" *Id.*

The cases cited by the government in their opposition to Ms. Ahmed's Motion to Intervene are inapposite in this situation. The government cites *DSI Assocs. LLC v. United States*, 496 F.3d 175, 181 (2d Cir. 2007) ("*DSI*") to claim that Ms. Ahmed has no standing to assert intervention. However, the *DSI* situation is different than this instant matter. *DSI* specifically references assets that are subject to criminal forfeiture; however, the bond in this matter is not a criminal forfeiture, but rather a forfeiture of bail. The government here has not asked for the bond to be declared forfeited under 21 U.S.C. § 853(n) which is the statute for criminal forfeitures discussed in *DSI*, but rather under 18 U.S.C. § 3146(d), which is a different statute entirely. Indeed, the Defendant

---

[2] Ms. Ahmed also requests a stay of any procedures or deadlines while this Motion to Reconsider is being considered by the Court, so that she is not prejudiced in this matter.

and Ms. Ahmed[3] have affirmative defenses under 18 U.S.C. § 3146(c),[4] including and not limited to the fact that the Defendant is confined to the jurisdiction of India and cannot leave.

The government also cites *United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) ("*Aref*") in support of their position; however, this case actually *supports* Ms. Ahmed's motion to intervene as it confirms that intervention in criminal cases, in limited circumstances, is allowed. Indeed, while "[T]he Federal Rules of Criminal Procedure make no reference to a motion to intervene in a criminal case. *United States v. Kollintzas,* 501 F.3d 796, 800 (7th Cir.2007) .... such motions are common ... to assert the public's First Amendment right of access to criminal proceedings." *Aref.* In addition, the *Aref* case further elaborates that "[F]ederal courts have authority to "formulate procedural rules not specifically required by the Constitution or the Congress" to "implement a remedy for violation of recognized rights." In a situation where the government is looking to forfeit and take Ms. Ahmed's property, she has a right to be part of any forfeiture of bail proceedings or briefings, including the declaration of the bond forfeiture. Indeed, the Second Circuit in *Aref* allowed the intervention in the criminal case precisely because the public had a right to "meaningful opportunity for protest by persons other than the initial litigants." Ms. Ahmed is no different and she should be allowed to intervene in this instant matter and be heard on all aspects of the bond forfeiture process including and not limited to the declaration of such forfeiture.

It is clear that a bond forfeiture proceeding is civil in nature, even though it may arise from

---

[3] In addition, Ms. Ahmed is not a "general creditor with no claim on the forfeited property" as the Petitioner in *DSI* was. Ms. Ahmed also has additional defenses and reserves all rights to present them to the Court.

[4] Ms. Ahmed reserves all rights and does not waive any rights that she has under Federal Rules of Criminal Procedure 46 and/or additional defenses under 18 U.S.C. § 3146 or under any other statute or provision. Ms. Ahmed reserves the right to assert or present those defenses in any bond forfeiture proceedings, including and not limited to any opposition of declaration of bond forfeiture, or vacate/set-aside of bond forfeiture or remission of bond forfeiture or at any other bond forfeiture proceedings or hearings, when at that point in the process.

a criminal matter. *See United States v. Roher*, 706 F.2d 725, 726 (5th Cir. 1983) (holding that a bond forfeiture under Rule 46(e) is essentially a civil proceeding and stating that "*a bond forfeiture motion is a civil matter*," and "a matter for the court under Fed. R. Crim. P. 46(e)." (emphasis added)

Ms. Ahmed has a right to intervene in the limited circumstance of the bond forfeiture process as she has a substantial legal interest in the instant litigation and intervention is necessary to protect her interest. Even if the Court determines that Ms. Ahmed does not have an absolute right to intervene, permissive intervention is warranted as Rule 24(b) of the Federal Rules of Civil Procedure provides an alternative basis for Ms. Ahmed's intervention in this action. Rule 24(b)(1)(B) states, in relevant part:

> On timely motion, the court may permit anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact.

The First Circuit has concluded that this is a "low threshold." *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 568 (1st Cir. 1999). A declaration of bond forfeiture is predicated upon certain showings and/or findings that have not yet occurred in this matter and courts have allowed limited intervention by parties whose rights are implicated by the proceedings in criminal cases. Ms. Ahmed, as co-signer of the bond, in entitled to be heard on these various matters before a declaration of bond forfeiture is made.

While the existing parties to the litigation will not be prejudiced by Ms. Ahmed's intervention, Ms. Ahmed will be prejudiced if her request for intervention is denied.

## II. Alternatively, Intervention is Permitted in a Criminal Case

The Court denied Ms. Ahmed's motion to intervene as "[B]ecause this is a criminal matter, [she] has no right to intervene under Fed. R. Civ. P. 24." [ECF No. 307 at 3] at 4. While the

4

Federal Rules of Criminal Procedure may lack a counterpart to Fed. R. Civ. P. 24; courts have permitted intervention in criminal matters when the potential intervenor has a legitimate interest in the outcome and cannot protect that interest without becoming a party; thus interventions in criminal matters "have been granted in limited circumstances where 'a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue during the course of a criminal case.'" *United States v. Collyard*, case no. 12cr0058, 2013 WL 1346202 at *2 (D. Minn. April 3, 2013) (quoting *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala.). *See In re Associated Press*, 162 F.3d 503, 507-08 (7th Cir. 1998) (allowing intervention in a criminal prosecution and collecting cases on the subject). *See also* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."). Cf. *United States v. Rollins*, No. 09-2293 (7th Cir. June 9, 2010) (discussing opinions that allow motions for reconsideration in criminal cases,[5] despite the absence of any provision in the Rules of Criminal Procedure).

Courts have repeatedly asserted that when a third party's rights are threatened by the government, then they have the right to avail themselves of due process. See, e.g. *Gravel v. United States*, 408, U.S. 606, 608-609 (1972); *Warth v. Seldin*, 422 U.S. 490, 498 (1975); and for a general discussion on the right to hearing, *Matthews v. Eldridge*, 424 U.S. 319 (1976). Federal courts have authority to "formulate procedural rules not specifically required by the Constitution or the Congress" to "implement a remedy for violation of recognized rights." *United States v. Hasting*, 461 U.S. 499, 505, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983). Here, Ms. Ahmed, as co-

---

[5] "*United States v. Healy*, 376 U.S. 75, 84 S. Ct. 553, 11 L. Ed. 2d 527 (1964), holds that motions to reconsider (in district courts) and petitions for rehearing (in courts of appeals) are ordinary elements of federal practice that exist in criminal prosecutions despite their omission from the Rules of Criminal Procedure." *United States v. Rollins*, No. 09-2293 (7th Cir. June 9, 2010).

signer of the bond, has certain rights with respect to the declaration of bond forfeiture and thus, this request for reconsideration of the denial of her motion to intervene[6] is proper.

In particular, Ms. Ahmed seeks to intervene in a limited manner only, with respect to issues surrounding the bond forfeiture (including declaration of such forfeiture) and any related proceedings. The declaration of bond forfeiture directly impacts Ms. Ahmed, as she and the three minor children live in the home that secured the collateral and where another Federal Court[7] has frozen the entirety of her assets, such that she cannot satisfy the bond requirement unless the CT Court releases the funds for her to do so.[8] In addition, certain findings have not been made prior to the declaration of the bond forfeiture. Therefore, Ms. Ahmed, as potential intervenor, has a legitimate interest in the outcome and cannot protect that interest without becoming a party for the limited purposes of the bond forfeiture declaration and related proceedings.

In addition, there are multiple cases and jurisdictions involved in this matter, which is impacted by the CT Court's asset freeze. As such, it is only Ms. Ahmed who knows all the facts of the various cases as well as the issues and who can adequately present the details of the situation to the Court.

### III.   Conclusion

For the reasons herein, Ms. Ahmed requests that the Court reconsider her Motion to

---

[6] Ms. Ahmed also requests a reconsideration of her Opposition to the Declaration of Bond Forfeiture should her request for Reconsideration of her Motion to Intervene be granted or appellate review of such allow her to intervene in the matter.

[7] *SEC v. Iftikar Ahmed, et al*, Case 3:15-cv-00675-JBA ("CT Case")

[8] Ms. Ahmed cannot even retain counsel in this matter until the CT Court releases funds for her to retain counsel. Ms. Ahmed is not a lawyer and requires the guidance of legal counsel in this matter.

Intervene, and that it be granted in full, along with any other relief that this Court deems proper.

Dated: November 18, 2019

Greenwich, Connecticut

Respectfully Submitted,

By: /s/ *Shalini Ahmed*
    Shalini A. Ahmed
    505 North Street
    Greenwich, CT 06830
    Tel: 203-661-2704
    Email: shalini.ahmed@me.com
    *Pro Se*