UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>IFTIKAR AHMED, )<br>a/k/a "Ifty," )<br>            Defendant. ) | Criminal No. 15-CR-10131-NMG |

### UNITED STATES' OPPOSITION TO MOTIONS FOR RECONSIDERATION OF SHALINI AHMED AND DEFENDANT

The United States of America, by and through its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, respectfully submits this Opposition to Defendant and Shalini Ahmed's Motions for Reconsideration (Docket Nos. 329, 330) of the Court's Memorandum and Order Allowing the Unites States' Motion for Declaration of Bond Forfeiture (the "Order")(Docket No. 307). The Court should deny the motions because the movants fail to articulate any circumstances warranting reconsideration.

**A. The Movants Fail to Provide Any Reason to Reconsider the Court's Order.**

The Court should not reconsider its Order declaring the appearance bond forfeited. Pursuant to Fed. R. Crim. P. 46(f)(1), a court "must declare the bail forfeited if a condition of the bond is breached." Here, the Defendant breached the conditions of the bond when he fled to India. Nothing further is required. Indeed, the Defendant admits that he is in India. *See* Docket No. 329, 329-1. Thus, he admits that he breached the conditions of (1) his release, which included restricting his travel to Connecticut, Massachusetts, and New York; and (2) his bond, which required him to appear for court proceedings and to obey all conditions of release. *See* Docket No. 293 & exhibits (outlining conditions the Defendant breached). Similarly, Shalini

Ahmed puts forth no reason to reconsider the denial of her motion to intervene. Rather, she simply rehashes the same arguments previously made to, and rejected by, the Court.

Although the Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration in criminal cases, "courts considering reconsideration motions in criminal cases generally borrow standards either from civil cases or from the local rules." *United States v. Iacaboni*, 667 F. Supp. 2d 215, 216 (D. Mass. 2009). A motion to reconsider "is appropriate only 'if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.'" *Id.* (quoting *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009)). As this Court noted, "motions for reconsideration are not to be employed to 'allow a party to advance arguments that could and should have been presented to the district court [previously].'" *Id.* (quoting *Allen*, 573 F.3d at 53).

The movants do not come close to meeting this standard. They point to no changed law or facts. Rather, they repeat meritless arguments already made to and rejected by this Court, or arguments that could have been made to the Court previously.[1] The Court correctly declared the bond forfeited as a result of the Defendant fleeing the country, in violation of court orders, and there is no reason to reconsider that declaration or the denial of the motion to intervene.

**B. The Defendant's Arguments Are Irrelevant to the Declaration of Bond Forfeiture.**

The Defendant makes various claims as to why the bond should not be declared forfeited. Even if this Court were to consider their substance, which it should not, none withstand scrutiny.

---

[1] Many of these arguments were presented to the First Circuit Court of Appeals, which dismissed their appeals for lack of jurisdiction. Thereafter, the Defendant and his wife filed a flurry of motions, including petitions for rehearing *en banc* and motions to stay the mandate to allow for a petition for certiorari to the United States Supreme Court, all of which the First Circuit denied. *See United States v. Ahmed,* 19-2213; *United States v. Shalini Ahmed,* 19-2213.

As to his assertion that he did not receive notice, the government is not required to provide notice for the declaration of forfeiture. For one, the Defendant is well aware he has violated his appearance bond by traveling to India and that the bond is subject to forfeiture. Further, it would be nonsensical to require notice to a defendant before a declaration of forfeiture. Indeed, in many instances, the appearance bond will be deemed forfeited at the very time the defendant fails to appear in court, precluding the possibility of notice to the defendant. For these reasons, as explained by the Ninth Circuit, even for a surety, "[n]otice is required when the government moves for judgment, but not when the defendant fails to appear and his bond is forfeited." *United States v. Vera-Estrada*, 577 F.2d 598, 600 (9th Cir. 1978); *see also United States v. Lujan*, 589 F.2d 436, 438 (9th Cir. 1978) ("the government does not have to prove actual notice to the defendant since in many cases, such as the present where the defendant remains a fugitive, it would place an extremely difficult burden on the government"). Accordingly, as the government explained in its motion, once the bond is declared forfeited, "the United States will provide notice to the Defendant's wife, to the extent she can be located, and to the district clerk, as an agent for the surety [the Defendant is a co-surety] pursuant to Fed. R. Crim. P. 46(f)(3)(B)." *See* Docket No. 293. It is at the point, after declaration of forfeiture, that the Court may consider motions to set aside the forfeiture or to enter a final order of forfeiture in accordance with Fed. R. Crim. P. 46. *See, e.g., United States v. Vaccaro*, 931 F.2d 605, 606 (9th Cir. 1991) (a "declaration of forfeiture is made without abridging the right of the surety to move to set aside or remit the forfeiture, consistent with [Fed. R. Crim. P. 46]") (citations omitted).

Nor is there any merit to the Defendant's claims that forfeiture is inappropriate because there has been no hearing declaring him a "fugitive" and no finding that he refuses to return to

Massachusetts.[2] Simply put, these arguments are irrelevant. Once the conditions of the bond are breached, which they indisputably have been, the Court is required to declare the bond forfeited. *See* 18 U.S.C. § 3146(d); Fed. R. Crim. P. 46(f)(1); *U.S. v. Nolan*, 564 F.2d 376, 378 (10th Cir. 1977)("Pursuant to Rule 46, the district court had no discretion in determining whether the bond should be forfeited."). For this reason, the Defendant's argument that he has been denied the opportunity to raise "affirmative defenses" is also without merit. Rather, Fed. R. Crim. P. 46(f)(2) provides the mechanism to set aside a bond forfeiture.

The Court should also reject the Defendant's argument that his flight to India somehow stayed his criminal prosecution and the ability of the government to declare his appearance bond forfeited. It would be the height of absurdity if a defendant who violates the terms of his release could use that violation to prevent the government from enforcing the very agreement he made with the government to secure his appearance.[3] Here, the Defendant and Shalini Ahmed executed a secured appearance bond, which stated, in part:

> I, Iftikar Ahmed, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail: 1) to appear for court proceedings; 2) if convicted, to surrender to serve a sentence that the court may impose; or 3) to comply with all conditions set forth in the Order Setting Conditions of Release.

Docket No. 10. The couple also signed an escrow agreement whereby they executed a warranty deed on 505 North Street, Greenwich, Connecticut as a "personal bond in the amount of $9,000,000 to secure the Defendant's compliance with the terms and conditions of the Bail Order." Docket No. 20. As co-sureties, they agreed, among other things, to "take any action

---

[2] The Defendant professes ignorance that he was required to maintain contact with probation. Not only was this an explicit condition of his release, *see* Initial Release Order and Bail Order (Docket No. 293, Exs. A and C), he was told at his initial appearance to inform pretrial services of any travel to New York to meet with his attorneys. *See* Docket No. 21.

[3] The claim that the government's motion is now time-barred, citing a Massachusetts statute, as a result of the Defendant's flight five years ago is similarly without merit.

4

necessary to transfer said parcel of real property and facilitate the sale of such property in the event that the Defendant is in default of the term and conditions of the Bail Order or Personal Bond." *Id.* Enforcement of these agreements is not stayed as a result of the Defendant's breach.

The Defendant's argument that he has been denied legal representation is essentially a collateral attack of an order of the United States District Court for the District of Connecticut, which denied the Defendant's repeated requests for a release of funds restrained by that Court. (Decision is attached at Exhibit A.) The issue is not properly before this Court.

For these reasons, the Defendant's conclusory argument, invoking the due process clause of the Fifth and Fourteenth Amendments, is without merit. As the First Circuit emphasized in its Judgments dismissing the appeals, and this Court acknowledged in its Order, the declaration of bond forfeiture is a necessary, but preliminary step in enforcement of the appearance bond: "'[u]nder Rule 46[], a declaration of forfeiture is the first of several steps leading to actual forfeiture.'" Docket No. 325 (quoting *Vaccaro*, 931 F.2d at 606); Docket No. 326 (same).

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny the Defendant and Shalini Ahmed's Motions for Reconsideration.

    Respectfully submitted,

    ANDREW E. LELLING
    United States Attorney

By:   */s/ Carol E. Head*
    CAROL E. HEAD
    Assistant United States Attorney
    U.S. Attorney's Office
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3100

Dated: September 3, 2020     Carol.Head@usdoj.gov

# CERTIFICATE OF SERVICE

  I, Carol E. Head, AUSA, hereby certify that on September 3, 2020, I served, by First Class mail, a copy of the foregoing document on the following party who is not a registered participant of the CM/ECF system:

| | |
|---|---|
| Shalini Ahmed | Iftikar Ahmed |
| 505 North Street | 505 North Street |
| Greenwich, CT 06930 | Greenwich, CT 06930 |

| | |
|---|---|
| | */s/ Carol E. Head* |
| | CAROL E. HEAD |
| Dated: September 3, 2020 | Assistant U.S. Attorney |