UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 15-10131-NMG |
| | ) | |
| IFTIKAR AHMED, | ) | |
| a/k/a "Ifty," | ) | |
| Defendant. | ) | |

## UNITED STATES' OPPOSITION TO MOTIONS FOR RECONSIDERATION OF SHALINI AHMED AND DEFENDANT

The United States of America, by and through its attorney, Nathaniel R. Mendell, acting United States Attorney for the District of Massachusetts, respectfully submits this response to Defendant and Shalini Ahmed's Motions for Reconsideration (Docket Nos. 380-381) of the Court's Memorandum and Order Allowing the United States' motion for default judgment of forfeiture of appearance bond and denying Surety's motion for timeline to submit a Rule 46(f)(2) motion. (Docket Nos. 378-379). The Court should deny the motions because the movants fail to raise any arguments that warrant reconsideration.

Although the Federal Rules of Criminal do not explicitly provide for motions for reconsideration in criminal cases, "courts considering reconsideration motions in criminal cases generally borrow standards either from civil cases or from the local rules." *United States v. Iacaboni*, 667 F. Supp. 2d 215, 216 (D. Mass. 2009). A motion to reconsider "is appropriate only 'if the moving party presents newly discovered evidence, if there has been an intervening change in law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust.'" *Id.* (quoting *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009)). As this Court noted, "motions for reconsideration are not to be employed to 'allow a party to advance arguments that could and should have been presented to the

district court [previously].'" *Id.* (quoting *Allen*, 573 F.3d at 53). The movants to not meet this standard. They present no new issues to the Court that would warrant reconsideration.

Shalini Ahmed, the Surety, had ample time to file a motion to vacate, reduce, or set aside the bond forfeiture pursuant to Fed. R. Crim. P. 46(f)(2), but did not. The Court declared the appearance bond forfeited more than a year ago, on November 7, 2019 (Docket No. 307); the Surety and the Defendant's appeals to the First Circuit were dismissed in March and April of 2020 (Docket Nos. 325-326); and the First Circuit issued mandates on August 17, 2020 (Docket No. 328-329). The government moved for a default judgment *three months later*, on November 6, 2020. Docket No. 351. Accordingly, there are no due process concerns. The Surety filed a motion for timeline to submit a Rule 46(f)(2) motion on November 11, 2020 requesting three additional months to file a motion to set aside the bond forfeiture. (Docket No. 354). Although at the time, the government stated it would not oppose allowing a *reasonable* amount of time to submit a motion, *four* months have now passed and no motion was filed. The government opposes providing the Surety any additional time.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court deny

the Defendant and Shalini Ahmed's Motions for Reconsideration.


Respectfully Submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By:    */s/ Carol E. Head*
CAROL E. HEAD
Assistant United States Attorney
U.S. Attorney's office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Carol.Head@usdoj.gov

Dated: March 9, 2021


## CERTIFICATE OF SERVICE

I, Carol E. Head, AUSA, hereby certify that on March 9, 2021, I served, by First Class mail, a copy of the foregoing document on the following parties who are not registered participants of the CM/ECF system:

Shalini Ahmed              Iftikar Ahmed
505 North Street            505 North Street
Greenwich, CT 06930      Greenwich, CT 06930


*/s/ Carol E. Head*
CAROL E. HEAD
Dated: March 9, 2021          Assistant U.S. Attorney

3