United States District Court
District of Massachusetts

```
                              )
United States of America,     )
                              )
          v.                  )
                              )    Criminal Action No.
Amit Kanodia et al.,          )    15-cr-10131-NMG
                              )
          Defendants.         )
                              )
```

MEMORANDUM & ORDER

GORTON, J.

The pending motions arise from the failure of defendant, Iftikar Ahmed ("Mr. Ahmed" or "defendant"), to comply with the conditions of his pretrial release and the subsequent forfeiture of a $9,000,000 appearance bond by his wife and surety, Shalini Ahmed ("Ms. Ahmed" or "surety").  Ms. Ahmed moves for remission of the forfeiture (Docket No. 417) and defendant moves to join in her motion (Docket No. 418).  For the reasons that follow, those motions will be denied.

The facts and travel of this case have been rehearsed elsewhere but the Court will provide this short summation.  In April, 2015, the government filed a criminal complaint against Mr. Ahmed for violation of federal securities laws.  At his initial appearance in the United States District Court for the District of Connecticut ("the Connecticut Court"), that Court entered an initial release order which required defendant to appear in court, advise the court of any change of residence,

-1-

submit to supervision by a probation officer and sign a secured appearance bond of $9,000,000.  Defendant and Ms. Ahmed co-signed the required appearance bond which was secured by equity in their Greenwich, Connecticut residence and provided that if Mr. Ahmed failed to appear for court proceedings or to comply with orders of the court it would be forfeited.

After his initial appearance, the Connecticut Court entered an order requiring Mr. Ahmed to answer charges pending in Massachusetts and transferred his posted bail to this District. In April, 2015, this Court held an initial appearance hearing at which it entered a bail order adopting similar conditions of release as the Connecticut Court but further limiting Mr. Ahmed's travel to Connecticut, Massachusetts and New York. Later that month, defendant and Ms. Ahmed signed an Escrow Agreement and executed a warranty deed on their Greenwich residence to secure the defendant's compliance with the terms and conditions of this Court's bail order.

At some point in May, 2015, defendant absconded, apparently to India.  His co-defendant stood trial alone in the Fall of 2016.  In November, 2019, this Court allowed the government's motion for declaration of forfeiture on account of defendant's flight.  In February, 2021, the Court entered a default judgment of $9,000,000 plus interest against defendant and the surety for

the amount of the appearance bond.  The order was appealed to but affirmed by the First Circuit Court of Appeals.

Pursuant to Federal Rule of Criminal Procedure 46(f)(4), the Court may remit judgment under conditions specified in Rule 46(f)(2), namely, that 1) the surety surrenders the released individual into custody or 2) justice does not necessitate forfeiture. See Fed. R. Crim. Pro. 46(f).

Defendant is still at large.  The analysis therefore hinges squarely on whether justice does not require forfeiture.  To the contrary, in this case it does and the motions will be denied.

In determining whether justice no longer requires forfeiture the Court retains "virtually unbridled discretion." United States v. Gonzalez, 452 Fed. App'x 844, 845 (11th Cir. 2011).  The Court may consider a number of factors including:

> whether the defendant's breach of the bond conditions was willful; the cost, inconvenience and prejudice suffered by the government as a result of the breach; ... any explanation or mitigating factors presented by the defendant; ... whether the surety has assisted in the apprehension of the defendant; and whether the surety is a professional or a friend or member of the defendant's family.

United States v. Gambino, 17 F.3d 572, 574 (2d Cir. 1994) (citations omitted).

The surety puts forth a bevy of contentions in support of remission, including inter alia: 1) the government did not properly inform Ms. Ahmed of additional charges, 2) the surety

-3-

provided the government notice of defendant's arrest in India, 3) defendant is precluded from returning to the United States despite attempts to secure funding for such a return, and 4) the bond was excessive.

Those contentions are unavailing.  The situation is glaring.  While the surety is not a professional bondsman, the fact remains that defendant has remained at-large in a foreign country evading the instant prosecution for close to a decade. Defendant's decision to evade the American justice system deserves sanction.  To assure his attendance was the very rationale for setting bail.  His flight and decision to remain in India indicates that the bail was not excessive. Furthermore, the United States Attorney's Office for the District of Massachusetts is not involved in the SEC civil matter for which defendant seeks a release of funds to obtain counsel.  For the same reasons the bond will not be reduced.

ORDER

For the foregoing reasons, the motion of the surety, Shalini Ahmed, to remit bond forfeiture (Docket No. 417) and the motion of defendant, Iftikar Ahmed, to join in the motion for remission (Docket No. 418) are both **DENIED.**

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated:  October 28, 2024